Judge Davidge
delivered the opinion of the Court.*
TillS was an action of assault and battery, brought by Dyer against William Cunningham, sen. William *51 Cunningham, jun. arid Andrew and Dabney Cunningham. Plea non-assault to the first count, and not guilty, to the other counts. The jury found a verdict against nil the defendants for ÑS33, on which judgment was ren-Jered. The defendants afterwards moved for a new trial, which was refused ar, to William Cunningham, sen. and William jun. and a judgment entered against them; but the judgment was set aside as to the other two defendants, and a new trial granted. , _
Torts are j°intatl(lscv" s“ , defendants in trespass pjea^amfa t0iut verdict and damages all tée judgment must pursue - an(i 1,e rendered jointly against all.
j5®?*'» be set aside us to part, no judgment derecl°á^S¡üist the others,
To reverso a al-afnsTpart In such case, error lies,
William Cunningham, sen. and William jun. have prosecuted this writ of error. They have assigned several errors, all of which are substantially embraced in the second, except the first, which we consider of but little weight, and not necessary to he noticed.
The second is as follows: “That the verdict being against all the defendants (four in number) jointly, the court erred in renderingjudgment against two of them only, and setting aside the verdict as to the other two.”
It has been relied on for the appellee, that torts are joint and severa], aiid, therefore, the court might set aside a judgment as to one defendant, and render a judgment against another. That the law regards toris as joint and several, and that tile parties may proceed at ¿heir election, either jointly or severally,_is a well settled doctrine of the law. Thus, a plaintilf may sue one of several trespassers separately, or all jointly. On the other hand, one of several trespassers may defend separately,or unite with others and defend jointly. But these defendants did notthink properto defend separately; they united in their defence: they made a common cause of it, and all rested their defence on the ground, to wit, not guilty. ly guilty, and it would'seem to this court, that the judgment should have pursued the verdict, which was the only foundation for it. If several defendants will rest their defence on the same plea, they must abide the consequences — 1 Chitty 545; and if the parties arc bound to abide by a joint plea, we can see no reason why they should not be equally bound by a "joint verdict founded on such plea, it is true, the jury, on the issue joined, might have acquitted some of the defendants and found the others guilty; but they have not done so. same The jury found-them joint-
We are of opinion, that a joint verdict, being entire in its nature, cannot be set aside as to some of the de-fondants and judgment rendered against others. Such *52 a judgment would be expressly against the finding 0.5 the jury, who might and probably would have found a different verdict, agciinst two or one of the defendants on-' iy.
Crittenden, for plaintiffs 5 Sharp, Íor defendant.
We cannot accord.in ppinio.n with the court below. The judgment must be reversed with costs.

 Absent, Judge Trimble.